**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 20, 2026

Richard I. G. Jones, Jr.
Periann Doko
BERGER MCDERMOTT LLP
1105 North Market Street, 11th Floor
Wilmington, Delaware 19801

Sarah R. Martin
Trevor T. Nielsen
Bryan T. Reed
GREENBERG TRAURIG, LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Re:    *Arif Ahmed v. JPMorgan Chase & Co. and J.P. Morgan Securities LLC*, C.A. No. 2025-1133-DG (KSJM)

Dear Counsel:

This decision resolves the defendants' second Application for Certification of an Interlocutory Appeal.[1]  It is denied.

On January 21, 2026, Magistrate Gibbs issued a Final Report resolving the parties' cross-motions for summary judgment on the plaintiff's advancement rights.[2] I adopted the Final Report on June 10 (the "Letter Decision").[3]  I held that "[a]llocation is best addressed through the *Fitracks* framework, where Plaintiff's counsel certifies in good faith which work relates to matters covered by

---

[1] C.A. No. 2025-1133-DG, Docket ("Dkt.") 98.

[2] Dkt. 63 ("Final Report").

[3] Dkt. 84.

advancement."[4]  The defendants applied for certification of an interlocutory appeal of the Letter Decision.[5]  I denied that application as untimely on July 7, 2026.[6]

Meanwhile, the Final Report required the parties to submit an implementing order consistent with *Fitracks*.[7]  The parties submitted competing orders.[8] Magistrate Gibbs entered the plaintiff's form of order with modifications on July 6, 2026 (the "Implementing Order").[9]  In her modifications, Magistrate Gibbs required senior Delaware counsel to certify that they reviewed the demands for fees and expenses and modified the timing so that the demand occurs on the 15th day of the month instead of the last business day.[10]  Last, she confirmed when Ahmed should submit expenses.[11]

The defendants have now filed a second Application for Certification of an Interlocutory Appeal.  The defendants' new application makes identical arguments

---

[4] *Id.* at 1–2 (citing the Final Report and *Danenberg v. Fitracks, Inc.*, 58 A.3d 991 (Del. Ch. 2012)).

[5] Dkt. 85.

[6] Dkt. 97.

[7] Final Report at 34–35.

[8] Dkts. 88, 89.

[9] Dkt. 96.

[10] *Id.* at 2.

[11] *Id.*

to those in the prior application.[12]  The second application, however, seeks an appeal from the Implementing Order instead of the Letter Decision.

Applications for interlocutory appeal follow a standard two-step procedure. The first gate—the substantial issue requirement—asks whether the appealed order "decides a main question of law which relates to the merits of the case[.]"[13] Interlocutory appeal is inappropriate for "collateral matters."[14]  The second application fails at the first gate.

The Implementing Order did not decide a question of law relating to the merits of the case.  The Implementing Order rather implements the Final Report's and Letter Decision's rulings on the merits issue of entitlement to advancement.   In this way, the Implementing Order is a collateral matter.

*Jafar v. Vatican Challenge 2017, LLC* is instructive.[15]  There, the applicants appealed an implementing order shifting fees in a books-and-records action.  The court held that the implementing order "is collateral to the issues under Section 220"

---

[12] *Compare* Dkt. 85 (arguing that the Supreme Court should consider this court's deference to *Fitracks* and how to determine advancement for temporally segregable transactions) *with* Dkt. 98 (also arguing that the Supreme Court should consider this court's deference to *Fitracks* and how to determine advancement for temporally segregable transactions).

[13] *Riskin v. Burns*, 2021 WL 303999, at *1 (Del. Ch. Jan. 29, 2021) (quoting *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008)).

[14] *In re CNX Gas Corp. S'holders Litig.*, 2010 WL 2705147, at *13 (Del. Ch. July 5, 2010).

[15] 2022 WL 3136594 (Del. Ch. May 17, 2022).

and therefore did not support interlocutory review.[16]  The same reasoning applies here.  The Implementing Order is collateral to the initial substantive issue of whether to adopt a *Fitracks* process in the first place.[17]

Separately, the defendants' second application fails because it does not make arguments addressing the Implementing Order.  It merely repeats arguments made in the first application addressing the Final Report and Letter Decision.  Allowing interlocutory appeals of implementing orders would give applicants two bites of the apple every time a court rules.  That cannot happen.  The defendants' second application is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[16] *Id.* at *2.

[17] The defendants cite *Pontone v. Milso Industries Corporation* in support of their argument that they have satisfied the substantial issue requirement.  2014 WL 4967228, at *2 (Del. Ch. Oct. 6, 2014); Dkt. 98 at 10.  But the applicants there appealed a reargument opinion on an advancement issue, not an implementing order. *Id.* at *1.  That case thus does not support the defendants' application for an interlocutory appeal of the Implementing Order.